UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MEDDAHI BOUDGEMAA,
        Petitioner,

v.

JOSEPH McDONOUGH,
        Respondent.

CIVIL ACTION
NO. 04-10645-JLT

MEMORANDUM AND ORDER

TAURO, D. J.

      For the reasons stated below, this habeas petition is dismissed without prejudice.

BACKGROUND

      On April 2, 2004, petitioner Meddahi Boudgemaa, an immigration detainee currently being held at the Plymouth County Correctional Facility, filed a petition for a writ of habeas corpus under Section 2241. Boudgemaa, a native of Germany, contends that he was ordered removed on November 22, 1999, and has been detained since September 2003. He claims that his continued detention is unlawful, but does not state the basis for his removal. Petition, p. 2. Counsel for the Department of Homeland Security has filed a motion to dismiss, stating that Boudgemaa is scheduled to be removed on Wednesday, April 14, 2004.

ANALYSIS

      Section 1231 of title 8 provides that the Attorney General shall remove aliens who have been ordered removed within 90 days, and that he may detain the alien during this "removal period." 8 U.S.C. § 1231(a)(1)(2). Section 1231 also provides that if removal is not effected within 90 days, an alien may be released under the supervision of the Attorney General, but that certain classes of aliens, including those convicted of certain crimes, may continue to be detained after the 90-day removal period. Id. § 1231(a)(3), (6).

      In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six-

months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. Id. 533 U.S. at 701. If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances." Id. at 699-700. Where removal is imminent, due process is not implicated and an alien has failed to state a Zadvydas claim for relief. Wang v. Ashcroft, 320 F.3d 130, 145 (2d Cir. 2003).

Here, petitioner is going to be removed on April 14, 2004 and he does not challenge his removal, only his detention. Thus, this petition for a writ of habeas corpus must be dismissed even assuming that Boudgemaa is not within any of the classes of aliens outlined in Section 1231(a)(5). See U.S. ex rel. Kovalev v. Ashcroft, 71 Fed. Appx. 919, 924 (3rd Cir. 2003) (non-criminal alien could be held past 90-day removal period where removal imminent); Wang, 320 F.3d at 145 (criminal alien). However, this dismissal is without prejudice to the re-filing of this petition by Boudgemaa if his removal is not effected as planned.

## CONCLUSION

ACCORDINGLY, this habeas petition will be dismissed without prejudice for the reasons stated above.
SO ORDERED.

```
  4/14/04              s/ Joseph L. Tauro
DATE                   UNITED STATES DISTRICT JUDGE
```